**Andres Xuncax Luis Baltazar ANDRES, Petitioner,**

v.

**Eric H. HOLDER, Jr.\*, Attorney General, Respondent.**

No. 04–75646.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2009.

Filed Feb. 23, 2009.

R.App. 43(c)(2).

Lucy Yen, Wilson Sonsini Goodrich & Rosati, New York, NY, for Petitioner.

Thomas L. Holzman, Counsel, Federal Deposit Insurance Corporation, Arlington, VA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Don George Scroggin, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCHROEDER, CANBY and HAWKINS, Circuit Judges.

### MEMORANDUM **

Andres Xuncax Luis Baltazar Andres, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming the immigration judge's ("IJ's") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we grant the petition for review.

The government has conceded that Andres suffered past persecution on account of his ethnicity as a Kanjobal Mayan Indian, and on account of his imputed political opinion for his alleged support of the guerilla forces during the Guatemalan civil conflicts. As a young child, Andres witnessed many atrocities targeting his family; the military buried his cousin in a mine and then blew it up, and the military used machetes to murder his uncle. *See Hernandez–Ortiz v. Gonzales,* 496 F.3d 1042, 1045–46 (9th Cir.2007).

We conclude that the IJ erred in holding that if Andres established past persecution, the government had rebutted the presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1); *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004). The government failed to respond to Andres's contention that he remained on an army list, and the government further failed to introduce any individualized evidence to rebut Andres's testimony regarding his specific fear of future persecution. *See Rios v. Ashcroft,* 287 F.3d 895, 901 (9th Cir.2002). The IJ appeared to continue to place the burden on the petitioner to show some individualized threat. Under the applicable regulations, however, once petitioner established past persecution, the government bore the burden of establishing changed circumstances. It did not carry that burden. Andres is therefore eligible for asylum and entitled to withholding of removal.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because the agency failed to state its reasons for denying CAT relief, we remand for reconsideration of that claim. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Accordingly, the petition for review of the IJ's denial of asylum and withholding of removal is granted. The matter is remanded for the granting of withholding of removal, for the exercise of discretion with respect to asylum, and for consideration of Andres's CAT claim.

Petition GRANTED.